UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BONNIE LEZAMIZ and JOHN LEZAMIZ, individually and as husband and wife,<br><br>    Plaintiffs,<br><br>v.<br><br>THE TRAVELERS INDEMNITY COMPANY, a corporation known as and/or doing business as Travelers and Travelers Corp.,<br><br>    Defendant. | Case No. 1:23-cv-00339-AKB<br><br>**MEMORANDUM DECISION AND ORDER** |

    Plaintiffs Bonnie and John Lezamiz sued their insurer, The Travelers Indemnity Company, in state court alleging three causes of action arising out of Travelers' valuation of injuries sustained from a car accident. (Dkt. 1-1). Travelers removed the case to this Court and filed a motion to bifurcate Plaintiffs' claims and stay discovery regarding two of Plaintiffs' claims. (Dkts. 1, 16). Having reviewed the record and the parties' submissions, the Court finds that the facts and legal argument are adequately presented and that oral argument would not significantly aid its decision-making process, and it decides the motions on the parties' briefing. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B); *see also* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."). For the reasons set forth below, the Court denies the motion.

## I. BACKGROUND

    On June 3, 2020, Plaintiff Bonnie Lezamiz was involved in an automobile collision in Boise, Idaho. (Dkt. 1-1 at ¶ 7). Patricia Johnson caused the collision when the Suburban she was

**MEMORANDUM DECISION AND ORDER - 1**

driving rear-ended Mrs. Lezamiz's vehicle. (*Id*. at ¶¶ 8-9). As a result, Mrs. Lezamiz suffered alleged injuries, and Mr. Lezamiz suffered loss of consortium damages. (*Id*. at ¶ 14).

At the time of the collision, Geico Secure Insurance Company insured Johnson, who admitted fault for causing the collision. (*Id*. at ¶¶ 11, 15). Plaintiffs made a personal injury claim against Johnson, and Geico paid Johnson's policy limit of $25,000. (*Id*. at ¶ 15). Also, at the time of the collision, Plaintiffs were covered under an insurance policy with Travelers. (*Id.* at ¶¶ 16-17).

This policy included underinsured motorist (UIM) coverage with a policy limit of $1,000,000. (*Id*. at ¶ 18). Because Johnson did not have sufficient coverage to fully compensate Plaintiffs for their injuries, Plaintiffs submitted a claim to Travelers for UIM benefits. (*Id*. at ¶ 19). In support, Plaintiffs submitted a formal proof of loss to Travelers addressing damages in the amount of approximately $2,052,000 (*Id*. at ¶ 19, Dkt. 18 at p. 3). In response, Travelers sent a check to Plaintiffs in the amount of $252,000. (Dkt. 1-1 at ¶ 22). The check included the following condition: "UMBI=FULL AND FINAL RELEASE OF ALL CLAIMS/DEMANDS." (*Id*.). Plaintiffs returned the check and filed suit against Travelers in state court in June 2023. (*Id*. at ¶¶ 24-25). Defendant later removed the case to this Court. (Dkt. 1).

Plaintiffs allege three causes of action against Travelers, including a claim for breach of contract and two extra-contractual, tort claims--negligent adjustment and bad faith. (Dkt. 1-1 at ¶¶ 26-49). Plaintiffs assert Travelers breached its contract with Plaintiffs by failing to pay the amount owed under the UIM policy, by "adjust[ing] Plaintiffs' ongoing insurance premiums based on a valuation of the underinsured motorist claim for an amount in excess of the amount offered to Plaintiffs," and "by offering to pay Plaintiffs in exchange for a waiver of all of Plaintiffs' rights against Travelers." (*Id*. at ¶¶ 32-34).

MEMORANDUM DECISION AND ORDER - 2

Plaintiffs' second cause of action for negligent adjustment alleges Travelers breached its duties under the policy by:

> (1) failing to reasonably investigate and timely pay; (2) failing to accept and pay an undisputed amount on the claim and/or the full amount owed to Plaintiffs; (3) failing to effectuate prompt, fair and equitable settlement in which liability has become reasonably clear; (4) charging insurance premiums to Plaintiffs for the valuation of the underinsured motorist which has not been paid by Travelers; (5) compelling the insureds to institute litigation to recover amounts due under the insurance policy by offering substantially less than the amounts owed; and (6) attempting to settle a claim for less than the amount a reasonable person would believe would be owed.

(*Id.* at ¶ 41). Finally, Plaintiffs contend Travelers acted in bad faith by intentionally and unreasonably withholding UIM benefits it owed. (*Id.* at ¶ 47).

After removal, Travelers moved to bifurcate Plaintiffs' breach of contract claim from their tort claims under Rule 42(b) of the Federal Rules of Civil Procedure. (Dkt. 16 at p. 1). Travelers also requests the Court enter an order staying discovery relating to Plaintiffs' claims for negligent adjustment and bad faith pending resolution of their breach of contract claim. (*Id.* at pp. 1-2).

## II.  LEGAL STANDARD

Generally in the normal course of litigation, all claims and issues in a civil action are presented for resolution in a single trial.  Rule 42(b), however, empowers courts to bifurcate a trial for any one of the following reasons: (1) "convenience"; (2) "to avoid prejudice"; or (3) "to expedite and economize." Fed. R. Civ. P. 42(b). Under this rule, a district court has broad discretion to determine whether bifurcation is appropriate. *Sadid v. Idaho State Univ.*, No. 4:11-CV-00103-BLW, 2013 WL 6073634, at *1 (D. Idaho Nov. 18, 2013) (citing *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002)). Absent some experience demonstrating the worth of bifurcation, separation of issues for trial is not to be routinely ordered. Advisory Committee Notes to the 1966 to Fed. R. Civ. R. 42(b).

The party seeking bifurcation bears the burden of convincing the Court to exercise its discretion to bifurcate an action. *Does I-XIX v. Boy Scouts of Am.*, No. 1:13-CV-00275-BLW, 2019 WL 914130, at *1 (D. Idaho Feb. 25, 2019). Factors to consider are whether separate trials would expedite disposition, conserve judicial resources, avoid prejudice, and avoid duplication of evidence. *See Thorndike ex rel. Thorndike v. Daimlerchrysler Corp.*, 220 F.R.D. 6, 7-8 (D. Me. 2004).

### III.  ANALYSIS

Travelers asserts bifurcation is proper for several reasons, including that Plaintiffs' contract and tort claims involve distinct evidence; simultaneously litigating Plaintiffs' claims is inherently prejudicial to Travelers; resolution of Plaintiffs' contract claim may moot their tort claims; and separate trials will eliminate the risk of jury confusion. Travelers has failed, however, to convince the Court that bifurcation is warranted based on any or all of these reasons.

The Court disagrees with Travelers' characterization of the evidence regarding Plaintiffs' contract and tort claims as being "separate and distinct." Although certain evidence may fit that description, evidence regarding the cause and extent of Plaintiffs' injuries for purposes of resolving their contract claim will very likely overlap with evidence regarding Plaintiffs' tort claims, including what information Travelers knew about their injuries when adjusting their claims.

Further, the Court disagrees with Travelers' assertion that a jury would be confused by having to consider all Plaintiffs' claims and Travelers' defenses in a single trial and that Travelers will be "inherently" prejudiced by a joint trial presentation of all of claims and defenses. The issues in this case are not so complex that a jury could not consider the claims and defenses jointly without being confused and any risk of confusion or prejudice can be eliminated through pretrial motions and jury instructions. *See Keck v. Metro. Grp. Prop. & Cas. Ins. Co.*, No. 2:18-CV-00472-DCN,

2019 WL 377677, at *2 (D. Idaho Jan. 30, 2019) (ruling claims not so complex that motions and instruction could not mitigate any potential confusion or prejudice).

Finally, the Court disagrees with Travelers' assertion that bifurcating the litigation of Plaintiffs' claims promotes judicial economy. Although resolution of Plaintiffs' contract claim in Travelers' favor would eliminate their tort claims, that fact alone is insufficient to warrant bifurcating. *See id.* (possible mooting of tort claims does not necessitate bifurcation). In fact, the potential for two separate litigations to resolve Plaintiffs' claims weighs against concluding bifurcation would be judicially efficient.

In sum, this case does not involve complex issues necessitating bifurcation. As Travelers notes, that Plaintiffs are entitled to coverage under the UIM policy is uncontested. Although Travelers cites numerous cases in support of its assertion that bifurcation is warranted, many of those cases do not support its position. Rather, they support the conclusion that where liability is not at issue, as in this case, contractual and extracontractual claims can be effectively tried together. *See, e.g.*, *Ortiz v. Safeco Ins. Co. of Am.*, 207 F. Supp. 3d 1216, 1218 (D.N.M. 2016) (bifurcating case where liability at issue and distinguishing cases not bifurcated because liability not at issue); *Aetna Cas. & Sur. Co. v. Nationwide Mut. Ins. Co.*, 734 F. Supp. 204, 209-10 (W.D. Pa. 1989) (bifurcating contract and tort claims where liability at issue); *O'Malley v. U.S. Fid. & Guar. Co.*, 776 F.2d 494, 496 (5th Cir. 1985) (bifurcating case where applicability of policy exclusion at issue). Because Travelers does not dispute Plaintiffs are legally entitled to recover damages under their policy for UIM benefits, the cases Travelers cites are distinguishable.

**IT IS ORDERED that:**

Defendant's Motion to (1) Bifurcate Coverage Claim (Breach of Contract) from Non-Coverage Claims (For Negligent Adjustment and Bad Faith) and (2) Stay discovery on Non-Coverage Claims (**Dkt. 16**) is **DENIED**.

DATED: May 02, 2024

_Amanda K. Brailsford_
Amanda K. Brailsford
U.S. District Court Judge